**AFFIRM ; and Opinion Filed July 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00172-CR

### CHARLES VERNON HAYNES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-80283-2013**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Brown and Stoddart
Opinion by Justice Brown

Appellant Charles Vernon Haynes appeals his conviction for theft of property valued at $500 or more but less than $1500. In a single issue, appellant claims the evidence is legally insufficient to support his conviction. We affirm.

### BACKGROUND

Dewey Hargrove lives and works in Copeville. On December 4, 2012, he was driving to work when he noticed tire tracks leading to the back of a nearby property. He called the property owner, Jon Morris, to see if he had been there. When Morris, who lived in Garland, said he had not, Hargrove said he would check it out. Hargrove drove around to the back, saw a Suburban, and heard a loud noise, "like [someone was] hitting something with a hammer, hitting metal." He then called 911 and Morris.

Sergeant Toye of the Collin County Sheriff's Office responded to the call and met Hargrove who told him the property, originally a blacksmith shop, was owned by Morris. Toye walked around to the back of the property where he saw a man and a woman in the Suburban. A remodeled truck bed was attached to the back of the Suburban with a custom hitch. Toye ordered the couple out of the vehicle and asked for identification. The man, identified as appellant, claimed he had "Joseph's" permission to be on the property. Toye found car repair parts, including a new radiator, tires, tow bars, and speakers, as well as antique car parts in the trailer and Suburban. Morris arrived shortly thereafter and confirmed that the trailer and all of the items in it as well as those in appellant's truck were his property. According to Toye, Morris was very familiar with the items and estimated their value. Toye then arrested appellant for theft.

During trial, Morris told the jury he is in the paint and body shop business and does custom work and restoration of vehicles. He bought the blacksmith shop in 1974 when he lived in Copeville. Although he later moved to Garland, Morris said he used the blacksmith shop to store truck and car parts for his business. The shop was locked and surrounded with an eight-to-ten foot tall fence and had "No Trespassing" signs posted. When Morris went to his shop on December 4, he discovered his aluminum gate had been stolen and the lock broken. The doors and windows of the shop were wide open. He said that the windows latched from the inside, so someone had to break into the shop in order to open them. Inside, "there were truckloads and trailer loads [of things] missing." Morris did not know appellant and had not given him permission to be at his shop or to take his property.

Hargrove testified he lived in Copeville and had a shop near Morris's property. Because Morris lived in Garland, Hargrove and several others looked after his property. On the morning of December 4, Hargrove noticed fresh tire tracks going onto Morris's land. He thought it was

–2–

unusual because Morris usually parked in the front. He called and verified that Morris was not at the property, then went to see who was there. Hargrove recognized appellant because he lived across the street from Morris's shop. When appellant called out to him, Hargrove told him he could not help him and that appellant knew better than to be on that property. After he was charged with theft, appellant returned to Morris's shop and took several items that he had attempted to take previously, including the trailer, some Christmas decorations, and the "No Trespassing" signs. Appellant later stopped at Hargrove's shop and admitted he took the trailer. According to Hargrove, appellant said "he went back in there and got it. He was charged with it to start with, so might as well go get it and get rid of it."

After hearing this and other evidence, the jury found appellant guilty of theft of property valued at $500 or more but less than $1500 and assessed punishment at 365 days' confinement in county jail and a $4000 fine.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, appellant challenges the sufficiency of the evidence to support his conviction because the State failed to prove he had the requisite intent and knowledge to permanently deprive the complainant of the property.

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, the factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Intent may also be inferred from circumstantial evidence such as the acts, words, and conduct of the appellant. *Guevara v.*

*State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). The jury, as factfinder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360.

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014). Appropriation of property is unlawful if it is without the owner's consent. *Id*. § 31.03(b)(1).

Here, the evidence shows appellant went to Morris's shop, hooked up Morris's trailer, and loaded Morris's property, including various car parts, onto the trailer and into his Suburban without Morris's consent. After he was arrested and charged with theft, appellant returned to Morris's property, took several of the items, and admitted to Hargrove that he did so. The jury, as factfinder, could conclude from appellant's actions on December 4, 2012, that he intended to deprive Morris of his property. Under these facts and circumstances, we conclude the evidence is legally sufficient to support appellant's conviction for theft. We overrule his sole issue.

We affirm the trial court's judgment.

/Ada Brown/

ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140172F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES VERNON HAYNES, Appellant

No. 05-14-00172-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-80283-2013.
Opinion delivered by Justice Brown, Chief Justice Wright and Justice Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of July, 2015.